# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

| | |
|---|---|
| **LARRY D. TAYLOR**<br>*Plaintiff,*<br><br>v.<br><br>**UNITED STATES POSTAL SERVICE**<br>**DAVID STEINER, POSTMASTER GENERAL**<br>*Defendants/Agency.* | ]<br>]<br>]<br>] **CASE NO:** _____<br>] **JURY TRIAL DEMAND**<br>]<br>]<br>] |

## COMPLAINT FOR CIVIL CASE

Plaintiff Larry D. Taylor ("Plaintiff"), by and through counsel Terry R. Clayton, brings this civil action against Defendant United States Postal Service ("USPS" or "Agency"), and its officials Kimberly Alley and Barbara Kirchner, in their official capacities, and alleges as follows:

---

### I. <u>NATURE OF THE ACTION</u>

1. This is an action to redress unlawful employment discrimination, denial of reasonable accommodation, retaliation, and violations of federal due process arising from USPS's issuance of a Notice of Proposed Removal, denial of medically supported sick leave, coercive conversion of sick leave to annual leave, and failure to follow mandatory procedural safeguards.

2. Plaintiff is a 100% service-connected disabled African American veteran with more than thirty-five (35) years of distinguished service to USPS and over forty-

two (42) years of combined federal service. USPS's actions violated the Rehabilitation Act of 1973, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), Executive Order 5396, and the USPS Employee & Labor Relations Manual ("ELM").

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, including the Rehabilitation Act, 29 U.S.C. § 794, Title VII, 42 U.S.C. § 2000e et seq., and the ADEA, 29 U.S.C. §§ 621–634.
4. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices occurred in this District and Plaintiff was employed by USPS within this District.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely exhausted all administrative remedies required for suit against a federal employer. Plaintiff initiated EEO counseling on or about January 18, 2022.
6. Plaintiff filed a formal EEO complaint on July 19, 2022. A Final Agency Decision and Notice of Right to Sue was issued on or about September 25, 2025. A true and correct copy is attached as *Exhibit A*.

## IV. PARTIES

7. Plaintiff Larry D. Taylor is a resident of Davidson County, Tennessee.

8. Defendant United States Postal Service is an independent establishment of the executive branch of the United States Government and was Plaintiff's employer.

9. Defendant Kimberly Alley was, at all relevant times, Manager of Safety, Tennessee District, and Plaintiff's direct supervisor, acting in her official capacity.

10. Defendant Barbara Kirchner was, at all relevant times, Tennessee District Human Resources Manager, acting in her official capacity and exercising authority over Plaintiff's employment conditions.

---

## V. STATEMENT OF FACTS

11. Plaintiff devoted over thirty-five (35) years of exemplary service to USPS as a Safety Specialist, earning national recognition including the USPS National Diversity Award (2006). He maintained a spotless disciplinary record throughout his career.

12. Plaintiff is a 100% service-connected disabled veteran suffering from chronic pain syndrome, lumbar arthritis, PTSD, tinnitus, thoracic muscle injury, and residuals of a sternum fracture. USPS had longstanding knowledge of Plaintiff's disabilities. See Exhibit B.

*13.* On November 12, 2021, Defendant Alley issued a Notice of Proposed Removal alleging (1) Inability to Perform Due to a Medical Condition, and (2) Excessive Absence, notwithstanding that Plaintiff's absences were approved, medically necessary, and documented. *See Exhibit C.*

14. On or about November 17, 2021, Defendant Kirchner informed Plaintiff that his sick leave would no longer be approved and coerced Plaintiff to convert sick leave to annual leave in order to remain on the rolls until his scheduled retirement on December 13, 2021.

15. Plaintiff complied with all administrative requirements, including submission of PS Form 3971 and medical documentation, pursuant to an agreement with Defendant Alley. Despite this compliance, USPS continued to characterize Plaintiff's protected absences as excessive. See Exhibit D.

16. During the EEO proceedings, Plaintiff filed a Motion to Compel Discovery seeking USPS records essential to his claims. The Administrative Judge failed to rule on the motion, depriving Plaintiff of due process.

17. Defendants' actions caused Plaintiff economic loss, emotional distress, reputational harm, and diminished retirement benefits.

## VI. LEGAL CLAIMS

**COUNT I** – *Disability Discrimination and Failure to Accommodate (Rehabilitation Act)*

18. USPS violated 29 U.S.C. § 794 by denying Plaintiff reasonable accommodation, including medically supported sick leave, and by failing to engage in the interactive process.

**COUNT II** – *Race and Sex Discrimination (Title VII)*

19. USPS subjected Plaintiff to disparate treatment and adverse employment actions based on race and sex in violation of 42 U.S.C. § 2000e-2(a).

**COUNT III** – *Age Discrimination (ADEA)*

20. USPS discriminated against Plaintiff based on age in violation of 29 U.S.C. § 623.

**COUNT IV** – *Retaliation*

21. USPS retaliated against Plaintiff for engaging in protected EEO activity in violation of federal law.

**COUNT V** – *Violation of Due Process and Federal Employment Protections*

22. USPS violated 5 U.S.C. § 7513, Executive Order 5396, and ELM §§ 514.22, 513.32, and 665.41 by issuing a procedurally defective Notice of Proposed Removal and coercing leave conversion.

---

**VII. PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A). Declare that Defendants violated Plaintiff's statutory and constitutional rights;

B). Vacate and set aside the Notice of Proposed Removal dated November 12, 2021;

C). Order restoration of all lost pay, benefits, leave, and retirement credits;

D). Award compensatory damages, back pay, interest, and costs;

E). Grant injunctive relief requiring USPS to comply with accommodation and veteran-protection laws; and

F). Award such other relief as the Court deems just and equitable.

**JURY TRIAL DEMANDED**

Plaintiff by and through counsel, Terry R. Clayton, hereby demands a trial by jury on all issues so triable.

Respectfully submitted:

___/s/Terry R. Clayton_____

**TERRY R. CLAYTON # 0012392**

*Counsel for Plaintiff*

1402 5th Avenue North

Nashville, Tennessee 37208

(615) 726-2424

Email: terryclaytones1@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Complaint for Civil Action was served in accordance with Rule 4(i) of the Federal Rules of Civil Procedure upon the following:

1) **United States Attorney for the Middle District of Tennessee**,

   by certified mail; Robert E. McGuire, Acting US Attorney, 719 Church Street, Suite 3300, Nashville, TN 37203;

2) **Attorney General of the United States**,

   U.S. Department of Justice,

   by certified mail; P.O. Box 77960, Washington, D.C. and

3) **United States Postal Service,**

   by certified mail to its authorized representative: Mark A Koupal Jr. 1720 Market St., Room 2400, St. Louis, MO 63155-9948.

**ON THIS 22ND DAY OF DECEMBER 2025.**

*I further certify that such service complies with all applicable statutes and rules governing service upon federal agencies and officers.*

/s/Terry R. Clayton_____

**TERRY R. CLAYTON**